UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. CR 01-254 (JRT)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGG ALLEN PICKAR,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR DISMISSAL OF REVOCATION PETITION, OR IN THE ALTERNATIVE, REQUEST FOR IMMEDIATE FINAL REVOCATION HEARING** |

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Pickar began his supervised release on August 8, 2006. On or about August 9, 2006, the probation officer submitted a petition requesting the revocation of Defendant Gregg Pickar's supervised release. The grounds asserted for revocation was that he violated the condition that he "reside for a period of 120 days at the Alternative Halfway House or as directed by the probation officer and shall observe the rules of that facility." The petition alleged that he violated the rules of the Alternative Halfway house by making inappropriate comments to staff at the halfway house prior to his supervised release date, and was then transferred where he made inappropriate comments to staff and was placed on suicide watch. The petition does not state any specific allegations about the alleged inappropriate comments, does not provide the time, date or place of the alleged inappropriate comments, and does not specify any rules that Mr. Pickar violated.

Mr. Pickar has been in custody since his supervised release began on August 8, 2006. He was not brought before a magistrate for a preliminary hearing until September 18, 2006, and has yet to receive a final revocation hearing. His final revocation hearing had been scheduled for

September 22, 2006. Mr. Pickar did not object to a continuance of the final revocation hearing based on the Court's representations that he would be released from detention during the period of the continuance. The Court specifically ordered that Mr. Pickar would be placed in a halfway house, or if no halfway house placement was available by September 26, 2006, the Court would entertain a motion for release to the home of a relative. No halfway house space has been available, and Mr. Pickar has moved for placement with a relative. The Court has now informed undersigned counsel that it will be denying this motion to release Mr. Pickar. Undersigned counsel was been informed by the probation officer that she opposed the release of Mr. Pickar. The reasons provided indicate that the probation officer would oppose any placement outside of a halfway house, contrary to the representations made in connection with the granting of the continuance.

Mr. Pickar currently remains in detention. Although the Court announced that the continuance would be for two weeks, no further hearing date has yet been scheduled. If the Court decides not to dismiss this matter immediately, Mr. Pickar requests that a final revocation hearing be conducted immediately.

## ARGUMENT

The petition for revocation of Mr. Pickar's supervised release must be dismissed because the petition fails to provide notice of factual allegations that could establish a violation, the alleged violations did not occur while Mr. Pickar was on supervised release, the delay in the hearings have violated his rights, and his agreement with the court underlying Mr. Pickar's agreement to a further two week delay of his hearing has been violated.

**I. THE PETITION FAILS TO PROVIDE NOTICE TO SATISFY DUE PROCESS.**

The Petition to revoke Mr. Pickar's supervised release is deficient because it fails to allege any specific conduct that violated a condition of supervised release. The Petition further fails to specify any rules of the Halfway House facility that he violated pursuant to the applicable Special Condition. Fed.R.Crim.P. 32.1 requires that a defendant receive "written notice of the alleged violation" in a revocation proceeding. Rule 32.1 has been held to incorporate constitutional due process requirements. United States. v. Havier, 155 F.3d 1090, 1092 (9th Cir. 1998). Havier held that a revocation petition that described alleged that defendant violated the condition of not committing any crime and described the incident giving rise to the violation, but did not specify which criminal statute defendant violated, constituted insufficient notice and required vacation of the finding of a violation. Id. at 1093-94. Like in Havier, the Petition in the instant case alleged that Mr. Pickar violated a condition that he follow the rules of a halfway house but failed to specify which rules he violated. The Petition against Mr. Pickar is more deficient than in Havier because it fails to provide notice of the factual incident(s) which claims to constitute a violation of supervised release. The Petition against Mr. Pickar must because the lack of specific notice of the alleged violation violated the Rules of Criminal Procedure and Mr. Pickar's due process rights. The Petition, as written, furthermore lacks sufficient specificity to support a conclusion that Mr. Pickar committed any violation of the conditions of supervised release.

**II. THE PETITION FAILS TO ALLEGE ANY VIOLATION DURING THE PERIOD OF SUPERVISED RELEASE.**

The revocation petition against Mr. Pickar is based on conduct that allegedly occurred before his period of supervised release began. Any misconduct while Mr. Pickar was committed to the Bureau of Prisons would have to be addressed through BOP's disciplinary procedures. The

Court lacks jurisdiction to revoke Mr. Pickar's supervised release for conduct that did not even occur while he was on supervised release.

The revocation petition attempts to get around this issue by asserting that Mr. Pickar's lack of eligibility for Alternative Halfway House violates the conditions of his supervised release. The applicable condition, however, does not require that Mr. Pickar be eligible for Alternative Halfway House, but merely requires that he serve time at that halfway house or "as directed by the probation officer." If Mr. Pickar is not eligible Alternative Halfway House, it is the probation officer's responsibility to find other placement. The probation officer, however is avoiding her responsibility by keeping Mr. Pickar locked up indefinitely. This conduct is a blatant violation of Mr. Pickar's due process rights and mandates dismissal of these proceedings..

**III. THE LACK OF A TIMELY HEARING VIOLATED MR. PICKAR'S RIGHTS.**

Mr. Pickar was in jail from the beginning of his supervised release but did not receive a prelminary hearing until September 18, 2006, and has yet to receive a final revocation hearing. Fed.R.Crim. 32.1(b)(1) requires that "a magistrate judge must promptly conduct a hearing to determine whether there is probable cause." Fed.R.Crim. 32.1(b)(2) further requires that "the court must hold a revocation hearing within a reasonable time." Mr. Pickar's rights under the rules have been violated by the failure to hold a probable cause hearing promptly or hold a revocation hearing within a reasonable time.

The delay in the revocation hearing further violates Mr. Pickar's constitutional rights. Other circuits have held that the standard for delays in disposing of probation revocation petitions are similar to the Sixth Amendment Right to a Speedy Trial. United States v. Rasmussen, 881 F.2d 395, 398 (7th Cir. 1989); United States v. Campion, 545 F.2d 308, 310-311

(2nd Cir. 1976) The decisions focus on the length of delay, the reason for delay, the defendant's assertion of his right, and prejudice to the defendant. Id. (citing Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192 (1972)). The length of the delay is unreasonable and inexcusable under the circumstances. Mr. Pickar has been prejudiced by having to remain in detention throughout the unjustified delay of his proceedings. The appropriate remedy is dismissal of the petition.

**IV. THE VIOLATION OF THE COURT'S REPRESENTATIONS UNDERLYING THE CONTINUANCE OF THE HEARING MUST BE RECTIFIED.**

The Court has not acted consistently with its representations that Mr. Pickar could be released, which Mr. Pickar relied upon when acquiescing to a continuance of his revocation hearing. He agreed to a continuance based specifically on the representation that he would not remain in detention because he would either be placed in a halfway house or make arrangements to be live with a relative after September 22, 2006. Mr. Pickar found a relative, made a motion to the Court, but the Court denied the motion. Although the probation officer explicitly agreed with the proposal for Mr. Pickar's release, she subsequently urged the Court to deny Mr. Pickar's placement with a relative. The probation officer has continued her pattern of manipulating the court's process to keep Mr. Pickar locked up as long as possible. The violation of Mr. Pickar's rights by the failure to follow the Court's representations, and especially when combined with the other violation described in Arguments I-III, supra. compels termination of these proceedings and immediate release of Mr. Pickar. At a minimum, it is imperative to immediately hold a hearing to determine the revocation of Mr. Pickar's supervised release in order to rectify the breach of the agreement with Mr. Pickar.

## CONCLUSION

For the foregoing reasons, the petition for revocation of Mr. Pickar's supervised release must be dismissed. In the alternative, Mr. Pickar is entitled to have his final revocation hearing immediately.

Dated: September 29, 2006

Respectfully submitted,

LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner

Jordan S. Kushner, ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545